Vacated by Supreme Court, October 3, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4177**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY EARL MILLS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-02-171)

---

Argued: October 26, 2004          Decided: January 19, 2005

---

Before WIDENER, GREGORY, and SHEDD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**ARGUED:** King Virgil Cheek, Jr., Greensboro, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Earl Mills brings this appeal challenging the district court's refusal to downwardly depart pursuant to United States Sentencing Guideline § 5H1.4 ("5H1.4") from the sentence it imposed on November 20, 2002. Because we have no jurisdiction to review the district court's refusal to downwardly depart, we dismiss.

I.

On May 28, 2002, a grand jury indicted Timothy Earl Mills ("Mills") on one count of conspiracy to knowingly, intentionally, and unlawfully distribute more than one kilogram of heroin and more than 50 grams of cocaine base ("crack"), one count of heroin distribution, and one count of "crack" distribution. At the time of his indictment, Mills already had two prior narcotic convictions, one from 1987 and one from 1994.

After initially pleading not guilty, Mills changed his plea to guilty on the conspiracy charge. Under the plea agreement, the Government agreed to not oppose Mills's motion to dismiss the distribution counts of the indictment. Importantly, the Government also agreed to only file an information of prior conviction for the 1994 conviction, thereby lessening the likelihood of a life sentence. As the plea agreement noted, under the conspiracy count of the indictment, "any person who commits the offense for which he is pleading guilty to after a prior conviction for a felony drug

2

offense has become final shall be sentenced to a term of imprisonment which may not be less than twenty years and not more than life imprisonment." J.A. 12. Further, "any person who commits the offense for which he is pleading guilty after two or more prior convictions for a felony drug offense have become final, shall be sentenced to a mandatory term of life imprisonment without release, and a fine not to exceed $8,000,000.00, or both." Id. Finally, the Government agreed to recommend a reduction of the offense level by two levels contingent upon Mills accepting responsibility for his criminal conduct in a timely and sincere manner.[1] Subsequently, the Government filed a 5K1.1 motion seeking a 35% downward departure in Mills's sentence based on his cooperation with the Government.

During his sentencing hearing, Mills argued that his medical health should be factored into the calculation of his sentence. At the time he changed his plea, Mills's counsel notified the district court that Mills had been HIV positive since 1996 and required a "cocktail" of medicine to prevent his condition from worsening into AIDS. At the plea agreement hearing, the district court directed that he receive appropriate medical attention during his incarceration to ensure that his situation would not degenerate into something more serious. In spite of these instructions, Mills

---

[1]In the event that such a reduction was granted and the offense level remained above 16, the government further agreed to request an additional one level decrease.

avers that he spent two months in a correctional facility in Caldwell County, North Carolina receiving none of the care ordered by the district court.[2] After notifying the U.S. Attorney of the situation, Mills was transferred to Forsyth County where he received the necessary medical attention. However, Mills's medical condition, after the alleged failure of the prison system to provide him with appropriate medical attention, had advanced to full-blown AIDS. Mills requested that the district court consider both the fact that given his medical condition a lengthy sentence could effectively be a death sentence, and the fact that his medical condition worsened on account of indifference and negligence, when setting forth his sentence.

On this issue, the district court determined that it did not have enough information in the record regarding Mills's medical care over the time period in question to determine whether proper medical care (as per the court's directive) was given. Therefore, the district court sentenced Mills without consideration of the medical issue, and noted that he would review the sentence when he had the necessary documents related to the medical care Mills received.

The district court ultimately found that Mills had indeed accepted responsibility for his criminal conduct. After noting

---

[2] The district court did not actually order a particular course of treatment, but instead ordered that Mills's condition be ascertained and that appropriate care be given.

4

that 240 months is the mandatory minimum for the conduct to which Mills pled guilty, the district court sentenced Mills as follows:

> Ordinarily, the Court would be sentencing Mr. Mills to a period of 240 months imprisonment. However, in view of the 5K1.1 which has been filed here, the Court has reviewed that, and has heard from counsel, and has decided that the 5K1 is appropriate, and under these circumstances the Court removes Mr. Mills from his ordinary guideline range and imposes the following sentence: It is adjudged that Mr. Mills shall be committed to the Bureau of Prisons for a period of 150 months.

J.A. 51.

Following his sentencing hearing, Mills made a motion requesting that the court downwardly depart from the sentence imposed pursuant to § 5H1.4. Specifically, § 5H1.4 provides that an "extraordinary physical impairment may be a reason to depart." U.S. Sentencing Guidelines Manual § 5H1.4 (2003). The district court denied this motion, finding that Mills's argument that "the treatment afforded Defendant before being transferred to a facility of the Bureau of Prisons was so inadequate as to constitute cruel and unusual punishment" was not sufficiently supported by the facts, and therefore refused to downwardly depart. J.A. 99.

From this decision, Mills brings this appeal.

II.

Mills contends that the district court erred in not granting his motion for a downward departure under § 5H1.4.[3] However, the "only circumstance in which review [of a district court's refusal to depart] is available is when the district court mistakenly believed that it lacked the authority to depart." United States v. Edwards, 188 F.3d 230, 238 (4th Cir. 1999); see also United States v. Minutoli, 374 F.3d 236, 239 (3rd Cir. 2004) ("It is well-established in this Court that we lack jurisdiction to review the merits of a district court's discretionary decision to refuse a downward departure under the Sentencing Guidelines once we determine that the district court properly understood its authority to grant a departure."); U.S. v. McBride, 362 F.3d 360, 376 (6th

---

[3] Mills also contends that the district court promised him a hearing on the issue of a § 5H1.4 departure and that no such hearing was ever held. Specifically, at the November 20, 2002, sentencing hearing the district court stated:

"What I'm saying is, I don't think we're going to get any record any more than we have. I think we're going to get a hearing of what has happened and you will be notified of that. I will give you an opportunity to be heard, Mr. Johnson."

J.A. 52. On December 1, 2002, Mills filed a motion for reconsideration of that sentence under § 5H1.4, which was later denied by the district court.

Mills neglects the filing of this motion when contending that he was denied the opportunity to be heard on this issue. The motion in question set forth in full the reasons why Mills believed that he was entitled to a departure under § 5H1.4. As such, we find that Mills was heard on this issue and determine that his deprivation claim has no merit.

6

Cir. 2004) (recognizing the general rule that "a court's failure to ... grant a downward departure is not reviewable").

Therefore, the only determination before this court is whether or not the district court mistakenly believed that it lacked the authority to depart. Mills makes no argument that the district court was mistakenly unaware of its authority to downwardly depart and the record does not support any such contention. In the order denying Mills's motion for reconsideration, the district court explicitly stated that the motion was denied because the allegation of cruel and unusual punishment was "not sufficiently supported by the facts." (J.A. 98-99). In other words, the district court "considered and rejected the factual basis for downward departure, concluding that [Mills] had not 'met the burden' for departure." U.S. v. Edwards, 188 F.3d 230, 238-39 (4th Cir. 1999).

As such, review of the district court's decision is unavailable and the appeal is dismissed.

DISMISSED