**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4177**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY EARL MILLS,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-1620)

Submitted: April 21, 2006             Decided: May 26, 2006

Before WIDENER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter L. Jones, JONES AND FREE, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Sandra J.
Hairston, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Timothy Earl Mills pled guilty to conspiracy to distribute more than one kilogram of heroin and more than fifty grams of crack cocaine, 21 U.S.C.A. §§ 846, 841(b)(1)(A) (West 2000 & Supp. 2003), and received a sentence of 150 months imprisonment. He sought to appeal his sentence on the ground that the district court erred in refusing to depart below the sentencing guidelines range pursuant to U.S. Sentencing Guidelines Manual § 5H1.4, p.s. (2002). We dismissed his appeal for lack of jurisdiction. United States v. Mills, No. 03-4177, 120 F. App'x 436 (4th Cir. 2005). The Supreme Court subsequently granted Mills' petition for certiorari, vacated this court's judgment, and remanded his case for further proceedings in light of United States v. Booker, 543 U.S. 220 (2005).

Mills was sentenced before the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the guidelines or the district court's application of sentencing enhancements based on judicial fact finding rather than facts he admitted. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Mills now contends that his sentence was illegal in light of Booker because the district court applied the sentencing guidelines as mandatory. He maintains that, had the district court not been

subject to "the strictures of the Guidelines," it might have been willing to depart downward pursuant to § 5H1.4.

While the mandatory application of the guidelines constitutes plain error, United States v. White, 405 F.3d 208, 217 (4th Cir.), cert. denied, 126 U.S. 668 (2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). The record does not indicate that the district court wished to impose a sentence lower than the 150-month sentence Mills was given. Therefore, he cannot show that he was prejudiced by the district court's erroneous application of the guidelines as mandatory.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -